**GUANG YAN LIN, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 02–4458–ag.

United States Court of Appeals, Second Circuit.

Jan. 18, 2006.

Sunit K. Joshi, New York, New York, for Petitioner.

David N. Kelley, United States Attorney for the Southern District of New York, Heather K. McShain, Sara L. Shudofsky,

Assistant United States Attorneys, New York, New York, for Respondent.

PRESENT: Hon. WALKER, Chief Judge, Hon. RALPH K. WINTER, and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Guang Yan Lin petitions for review of the BIA's 2002 decision affirming the Immigration Judge's ("IJ") decision denying his application for asylum and withholding of deportation. We assume the parties' familiarity with the underlying facts and procedural history of this case.

Where, as here, the BIA affirms the IJ's decision without opinion, this Court reviews the IJ's decision. *Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. U.S. Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005) (per curiam).

■ The IJ denied Lin's claims for relief because she found important aspects of his claim of persecution to be implausible and not credible, and because she found Lin to have persecuted others. The IJ's conclusion that Lin persecuted others and is therefore ineligible for asylum and withholding of deportation is substantially supported by the record as a whole. Lin's testimony clearly establishes that he assisted in forced sterilization procedures, and his claim that he falsified sterilizations and helped two pregnant women avoid forced abortions does not negate his testimony regarding his participation in forced sterilizations during the same time period. The IJ was, therefore, reasonable in concluding that his actions placed him within the purview of the statutory bar.

■ Because the IJ's determination that Lin is statutorily barred from eligibili-

ty for asylum and withholding is substantially supported by the record, her refusal to consider his claim of derivative eligibility based on his wife's abortion is correct. *See* 8 C.F.R. § 1208.21.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).